UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LUCAS A. NIEDBALSKI,

    Plaintiff,

    v.       CAUSE NO. 3:24-CV-222-HAB-SLC

LAPORTE COUNTY JAIL, et al.,

    Defendants.

OPINION AND ORDER

Lucas A. Niedbalski, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Niedbalski alleges that the events giving rise to the complaint could have been grieved, but that he did not file a grievance because "the LaPorte County would not do anything about it. Because they thank [sic] they can do anything they want and no[t] have any consequence." ECF 1 at 3. Prisoners, however, are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Even when a prisoner

"seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. at 524, *citing Booth v. Churner*, 532 U.S. at 741.

> The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile.

*Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations omitted). The Seventh Circuit held in *Dole* that a prisoner must file a grievance because responding to his grievance might satisfy him and avoid litigation or the grievance could "alert prison authorities to an ongoing problem that they can correct." *Id.* at 809, *citing Porter v. Nussle*, 534 U.S. at 525. Even if Niedbalski believed that submitting a grievance was futile, "he had to give the system a chance." *Flournoy v. Schomig*, 152 F. App'x 535, 538 (7th Cir. 2005); *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try.").

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks

2

discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez*, 182 F.3d at 535. Niedbalski admits in his complaint that he did not exhaust his administrative remedies before filing suit. Therefore, this case cannot proceed. If Niedbalski can exhaust his administrative remedies, he may file a new lawsuit.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED on March 14, 2024.

> s/ *Holly A. Brady*
> CHIEF JUDGE HOLLY A. BRADY
> UNITED STATES DISTRICT COURT